UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Patricia Parker-Davis, <br><br> Plaintiff, <br><br> v. <br><br> Press Ganey & Associates, <br><br> Defendant. | Case No. 3:11-CV-315 JVB |

**OPINION AND ORDER**

Plaintiff Patricia Parker-Davis sued Defendant Press Ganey & Associates for race and age discrimination she allegedly suffered while serving as a Phone Survey Representative at Defendant's South Bend, Indiana, facility. Plaintiff sued Defendant under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and § 1981.

Defendant moved to dismiss the case on two grounds. First, under Federal Rule of Civil Procedure 4(m), Defendant argues that dismissal is appropriate because Plaintiff has failed to effectuate valid service of process. Defendant further argues this failure of process would deny this Court personal jurisdiction over the Defendant in this matter. Second, under Federal Rule of Civil Procedure 12(b)(6), it argues the Plaintiff has failed to properly state a claim with sufficient factual matter that is plausible on its face. Plaintiff filed a Response to the Defendant's Motion to Dismiss.

## A. Service of Process Standard

Federal Rule of Civil Procedure 4(m) requires service of process within 120 days of filing the complaint: "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) then allows for an extension of this requirement: "if plaintiff shows good cause for the failure, the court must extend the time for an appropriate period." *Id.* Additionally, Federal Rule of Civil Procedure 4(e) requires service to be executed in accordance with the state law where the district court is located. Fed. R. Civ. P. 4(e).

When the party to be served is an organization, the moving party must serve an executive officer or appointed agent of receipt within that organization. Ind. R. Trial P. 4.6. However, if service cannot be provided to an executive officer or agent, it may be made by leaving a copy of the summons and complaint at an office of the organization. *Id.* To ensure the "evenhanded administration of the law," pro se plaintiffs are not excused from following procedural rules just because they have decided to proceed without counsel. *Lee v. Wal-Mart Stores*, 1994 U.S. Dist. LEXIS 20916, 2-3 (N.D. Ind. Apr. 12, 1994) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

The Seventh Circuit has two additional guidelines that apply when determining if proper service has been rendered. First, actual knowledge or notice of the complaint is insufficient to establish personal jurisdiction. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. Ill. 1991). Second, the extent to which the plaintiff attempted to properly serve process will not be considered a factor in determining the federal court's jurisdiction. *Id* at 302.

Proper service allows a court to attain personal jurisdiction over the defendant. *Hegwood-Metcalf v. Truex,* 2011 U.S. Dist. LEXIS 46719 (N.D. Ind. Apr. 28, 2011) (citing *Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir. Ill. 1966)).

**B. Discussion**

Plaintiff has failed to properly serve process on Defendant. Plaintiff addressed the Complaint and Summons to "Press Ganey Associates" at their corporate headquarters in South Bend, Indiana. (DE 10 at 1-2.) This service is improper under Indiana Trial Rule 4.6, which requires the Complaint and Summons to be served to an executive officer or designated agent. Ind. R. Trial P. 4.6. If the Plaintiff attempts proper service to an executive officer or agent and fails, then the Plaintiff may deliver service to the Defendant's place of business and supply the court an affidavit explaining the failure of service. *Id.* There is no record of an unsuccessful attempt to serve process properly. In addition, there is no evidence the Defendant attempted to evade service of process.

While Plaintiff has failed to properly serve process, the Court has discretion to provide a reasonable time extension to allow for the proper service of process. *See Fohne v. Johanns*, 176 Fed. Appx. 674, 675 (7th Cir. Ill. 2006) (providing a pro se plaintiff a reasonable extension to properly serve the United States Attorney General with process and cautioning the plaintiff that if service was not timely the suit would be dismissed).

**C. Conclusion**

The Court finds that the Plaintiff has failed to properly render service of process to the Defendant. As a result, the Court lacks personal jurisdiction over Defendant to render a judgment

on the 12(b)(6) motion. (DE 17.) However, the Court grants Plaintiff leave to perfect the service by July 2, 2012. The Court will address the 12(b)(6) motion once Plaintiff properly serves Defendant. If proper service is not performed timely, this suit will be dismissed without prejudice, and without further notice, under Federal Rule of Civil Procedure 4(m).

The Court takes Defendant's Motion to Dismiss (DE 17) under advisement.

SO ORDERED on May 18, 2012.

  S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE