UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Patricia Parker-Davis, | |
| Plaintiff, | |
| v. | Case No. 3:11-CV-315 JVB |
| Press Ganey & Associates, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Patricia Parker-Davis sued Defendant Press Ganey & Associates for race and age discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and § 1981. Plaintiff alleges Defendant discriminated against her while she was employed as a Phone Survey Representative at its South Bend, Indiana, facility.

Defendant moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiff has failed to properly state a claim with sufficient factual matter that is plausible on its face. Defendant contends that this is so even if the Court reviews the Amended Complaint under the more lenient *pro se* litigant standard.

**A.    Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

"recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

Plaintiff is proceeding *pro se*, so a court must employ standards less stringent than if the complaint had been drafted by counsel. *Fields v. Roswarski*, 2008 U.S. Dist. LEXIS 2866, at *1 (N.D. Ind. Jan. 11, 2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman*, 16 F.3d 183, 188 (7th Cir. 1994), a court does not need to struggle to find inferences

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations that undermine the plaintiff's claim. C*ity Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994).

**B.     Background**

Plaintiff was employed by Defendant as a Phone Survey Representative from February to November 2010. She conducted phone surveys with recently discharged hospital patients, read questionnaires, recorded comments from survey respondents, and performed miscellaneous tasks. (DE 1-1, Pl.'s Ex. A at 22.) Defendant's Phone Survey Representatives are subject to Quality Assurance Monitoring Appraisals. (*Id.* at 10.) These are conducted to ensure the efficiency, professionalism, and thoroughness of phone surveys conducted by Defendant's employees.

Plaintiff alleges that she experienced a hostile work environment that included race and age discrimination. (DE 23, Am. Compl. at 2.) According to her, mid-level supervisors manipulated her work product leading to Plaintiff's failure of multiple Quality Assurance Monitoring Appraisals. (*Id.* at 3.) This alleged discriminatory treatment led to negative treatment and reprimands from her supervisors and eventually to her being terminated for absenteeism. (*Id.*)

Plaintiff has also provided with the Amended Complaint the decision of an Administrative Law Judge regarding her claim for unemployment benefits. The Administrative Law Judge's findings of fact indicate that Defendant received written warnings for cell phone

use that violated the company's policy, but that other employees guilty of the same conduct suffered no repercussions.

**C.     Analysis**

In its motion to dismiss, Defendant argues that Plaintiff's pleading does not satisfy the minimum pleading requirements set forth by Federal Rule of Civil Procedure 8(a)(2) and is "insufficient to present a plausible claim of discrimination." (DE 28, Def.'s Mot. Dismiss at 5.) Defendant further maintains that the factual detail in the complaint is so sketchy and implausible that it does not provide the notice required by federal pleading standards, even as applied to *pro se* litigants.

The Court disagrees. "The plausibility standard is not akin to a probability requirement." *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When examining a pleading "the court [must] ask itself could these things have happened, not did they happen." *Id*. A complaint which identifies the type of discrimination, who was responsible for it, and when it occurred is all that is required to give a defendant fair notice. *Id.* at 405.

Although stated briefly, Plaintiff's Amended Complaint has provided sufficient notice to the Defendant of the types of discriminatory conduct alleged. Plaintiff additionally alleges who perpetuated the discriminatory conduct, when it occurred, and the unfavorable result of the discrimination.

Defendant has failed to persuade the Court that Plaintiff's allegations are implausible. The Court is not required to evaluate the legitimacy or likelihood of Plaintiff's success. When asking if Plaintiff's claims could be plausible, the Court can reasonably conclude that the

4

sequence of events she alleges could have occurred. Defendants' argument to the contrary is unpersuasive.

Defendant relies on *Cavanaugh v. FedEx Ground Package Sys.*, 2010 U.S. Dist. LEXIS 58222 (N.D. Ind. June 11, 2010), where a 12(b)(6) motion to dismiss was successful against a *pro se* plaintiff alleging discriminatory conduct in the workplace. *Cavanaugh* can be distinguished from the present case. In *Cavanaugh,* the plaintiff did not identify the nature of discriminatory conduct or describe it with any detail. *Id.* at *5. Additionally, the plaintiff in *Cavanaugh* provided incoherent handwritten claims and supplied no background documentation. *Id.* In this case, Plaintiff has provided factual information, attached the decision of the Administrative Law judge, and the Dismissal and Notice of Rights from the Equal Employment Opportunity Commission. Accordingly, *Cavanaugh* does not control this case.

**D.     Conclusion**

The Court finds Plaintiff has met the minimum pleading standards. As a result, the Court DENIES Defendant's Motion for Dismissal (DE 27) pursuant to Federal Rule of Civil Procedure 12(b)(6).

SO ORDERED on August 3, 2012.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE